IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:11-CV-24-FL

| | |
|---|---|
| KAREN KELLY on Behalf of Joanne Coggins, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| UNIVERSITY HEALTH SYSTEMS and DUPLIN GENERAL HOSPITAL, | ) ) ) |
| Defendants. | ) ) |

ORDER

This matter comes before the court on defendants' motion to dismiss for lack of subject matter jurisdiction (DE # 20). Plaintiff has responded in opposition. In this posture, the issues raised are ripe for adjudication. For the reasons that follow, defendants' motion is granted.

## BACKGROUND

On September 20, 2010, *pro se* plaintiff Karen Kelly filed this complaint on behalf of her mother, Joanne Coggins, in the United States District Court for the District of Massachusetts. Plaintiff alleges that defendants violated the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, by failing to provide appropriate medical care to her mother. Plaintiff seeks an order requiring emergency room personnel employed by defendants to undergo EMTALA training. She also seeks compensatory damages in excess of $490,000.00 and special damages in the amount of $226,200.00.

On December 9, 2010, defendants filed a motion pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure to dismiss plaintiff's action for lack of personal jurisdiction. In the alternative, defendants moved to transfer the action. Defendants argued that they were North

Carolina corporations having no contacts with Massachusetts, and that the events giving rise to the claim occurred in North Carolina. Plaintiff, a citizen of Massachusetts, opposed these requests. Following a hearing, defendants' motion to transfer was allowed by order entered January 20, 2011. The case was then transferred to this court.

On January 31, 2011, defendants moved pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss for lack of subject matter jurisdiction. They argue that plaintiff lacks standing to represent her incapacitated mother *pro se*. Plaintiff responded in opposition on February 17, 2011, arguing that the cost of hiring an attorney would be prohibitive. Plaintiff further contends that prohibiting a non-attorney guardian or next friend from representing an incapacitated person effectively bars such incapacitated persons from litigating civil rights claims in court.

## DISCUSSION

A.  Standard of Review

A challenge to standing is properly considered a challenge to subject matter jurisdiction under Rule 12(b)(1). See, e.g., White Tail Park, Inc. v. Stroube, 413 F.3d 451, 459 (4th Cir. 2005). Subject-matter jurisdiction may be challenged at any time, and if it is lacking the case must be dismissed. See Fed. R. Civ. P. 12(h)(3). Because defendants make a facial challenge to subject matter jurisdiction, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009).

B.  Analysis

It is not contested that plaintiff lacks standing to bring this action on her own behalf. A plaintiff has standing to bring suit only if "(1) [she] has suffered an injury in fact; (2) the asserted injury in fact is fairly traceable to, or caused by, the challenged action of the defendant[s]; and (3)

it is likely rather than just conjectural that the asserted injury in fact will be redressed by a decision in the plaintiff's favor." Taubman Realty Group Ltd. P'ship v. Mineta, 320 F.3d 475, 480 (4th Cir. 2003). The complaint alleges injury only to plaintiff's mother, Ms. Coggins; there is no separate allegation of emotional distress or other injury to plaintiff herself. See Smith v. Frye, 488 F.3d 263, 272 (4th Cir. 2007) (noting that a plaintiff must demonstrate a controversy between herself and the defendant, and may not rest her claim on a controversy involving a third party).

Instead, plaintiff states that she is acting on behalf of her mother, who is incapacitated and cannot speak for herself. A representative, guardian ad litem, or next friend may sue or defend on behalf of a minor or incompetent person in federal court. See Fed. R. Civ. P. 17(c); Local Civil Rule 17.1(a). As such, the court's inquiry is not strictly one of standing, but rather of plaintiff's capacity to sue on behalf of her mother without the assistance of an attorney. See Myers v. Loudoun Cnty. Pub. Schs., 418 F.3d 395, 400 (4th Cir. 2005) ("The Federal Rules of Civil Procedure . . . authorize Myers to raise his children's claim despite the fact that their claim seeks to vindicate *their* rights. The difficulty therefore is not that Myers *asserted* his children's claim, but rather that he attempted to *litigate* that claim pro se.").

An individual's right to represent herself *pro se* in federal court is protected by statute. See 28 U.S.C. § 1654. But the right to litigate one's claims without an attorney "does not create a coordinate right to litigate for *others*." Myers, 418 F.3d at 400. As another court recently noted,

> The fact that a minor or incompetent person must be represented by a next friend, guardian ad litem, or other fiduciary does not alter the principle embodied in § 1654 that a non-attorney is not allowed to represent another individual in federal court litigation without the assistance of counsel. If the representative of the minor or incompetent person is not himself an attorney, he must be represented by an attorney in order to conduct the litigation.

Berrios v. N.Y. City Hous. Auth., 564 F.3d 130, 134 (2d. Cir. 2009); see also Myers, 418 F.3d at 401

(citing cases from seven other courts of appeal in holding that "non-attorney parents generally may not litigate the claims of their minor children in federal court").

Plaintiff argues that this rule works an injustice in this case. But the prohibition on non-attorney representation of incompetents and minors is simply a manifestation of the well-settled principle that "infant[s] and other incompetent parties are wards of any court called upon to measure and weigh their interests . . . [and] the court . . . has a duty to protect [such parties'] interests." In re Abrams & Abrams, P.A., 605 F.3d 238, 243 (4th Cir. 2010) (internal quotation marks and citations omitted). Although a layman is free to litigate on his own behalf, the court will not allow someone with limited legal competence to risk the rights of others. Myers, 418 F.3d at 400.

Plaintiff appears to acknowledge that she cannot represent her mother, asking the court to deny the motion to dismiss to afford her the opportunity to find an attorney who may be willing to take the case. Plaintiff further suggests that, if no such attorney can be found, she may ask for appointment of counsel. See Gordon v. Leeke, 574 F.2d 1147, 1154 (4th Cir. 1978) (holding that a court, in its discretion, may appoint counsel for a civil plaintiff in extraordinary circumstances). However, no request for counsel has been presented for decision, and the court is not convinced on the record before it that exceptional circumstances exist.

Defendants' motion to dismiss is well-supported by law, and plaintiff's desire for additional time to secure the services of an attorney does not provide a basis for denying that motion. This is particularly so where this case has been pending for five months and plaintiff has indicated that she has already spoken with "numerous attorneys" who have been unwilling to take on this case *pro bono* or on a contingency fee basis. Nevertheless, the court acknowledges that a dismissal with prejudice would not be appropriate here. In the event that plaintiff is able to secure counsel to assist her in representing the interests of her mother, she should be afforded every opportunity to do so.

4

See Berrios, 564 F.3d at 135. Accordingly, the court will dismiss this action without prejudice to renewal of the action, through counsel, within ninety (90) days of entry of this order. The statute of limitations on her claim shall be tolled from the date of her filing of the complaint in this action to the date within the 90-day deadline on which she files a complaint through counsel.[*]

**CONCLUSION**

For the reasons set forth above, defendants' motion to dismiss (DE # 20) is GRANTED. Plaintiff's action is DISMISSED without prejudice to renewal with ninety (90) days of date of entry of this order.

SO ORDERED, this the 24th day of February, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

---

[*] It appears that plaintiff's action was timely when filed, but that the statute of limitations may now have run on her claim. See 42 U.S.C. § 1395dd(d)(2)(C) (providing for a two-year statute of limitations); see also Vogel v. Linde, 23 F.3d 78, 80 (4th Cir. 1994). Generally, a dismissal without prejudice does not toll the statute of limitations. See, e.g., Rice v. Jefferson Pilot Fin. Ins. Co., 578 F.3d 450, 457 (6th Cir. 2009). However, the Third Circuit has held that "when a complaint is filed within the statute of limitations but is subsequently dismissed without prejudice in an order containing conditions for reinstatement within a specified time period, the statute of limitations is tolled provided that the plaintiff meets those conditions." Brennan v. Kulick, 407 F.3d 603, 607 (3d Cir. 2005); cf. Clifford v. Gibbs, 298 F.3d 328, 332-33 (5th Cir. 2002) (holding that equitable tolling may be appropriate where a limitations period has run by the time a court dismisses an action without prejudice for failure to exhaust administrative remedies). The rationale behind that rule is that "[t]he conditions specified in the order [of dismissal] prevent a plaintiff from indefinitely extending the limitations period." Brennan, 407 F.3d at 607. It is unclear whether the Fourth Circuit would endorse this approach. See Womble v. Dixon, 752 F.2d 80, 82 (4th Cir. 1984) (noting in dicta and without explanation that the district court's dismissal without prejudice and explicit order tolling the statute of limitations "may in the end prove unavailing to accomplish the district court's intention to foreclose a defense based on the statute of limitations"). Nevertheless, this court finds Brennan to be well-reasoned, and will follow it here.

5